19-683 (L)
*Meide Zhang v. Liang Zhang*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand twenty-two.

PRESENT:
> REENA RAGGI,
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

MEIDE ZHANG, individually and on behalf of all others similarly situated,
ZHONGLIANG QIU, individually and on behalf of all others similarly situated,

> *Plaintiffs-Appellants,*

> v.

> Nos. 19-683 (L), 21-1328 (CON), 22-1012 (CON)

LIANG ZHANG, RU QIU LI, SUNSHINE USA INC., d/b/a WU LIANG YE,

> *Defendants-Appellees.*\*

_____

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

_____

FOR PLAINTIFFS-APPELLANTS:          DAVID YAN, Law Offices of David Yan, Flushing, NY.

FOR DEFENDANTS-APPELLEES:      ELIZABETH L. MO (Hugh H. Mo, Pedro Medina, Jr., *on the brief*), The Law Firm of Hugh H. Mo, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on May 10, 2021, is **AFFIRMED**.

Plaintiffs-Appellants Meide Zhang and Zhongliang Qiu, and their counsel, David Yan, appeal from the district court's order awarding Defendants attorneys' fees and costs in connection with certain proceedings below. The sanction was awarded against Yan after he inadvertently provided the jury with unadmitted evidence, causing the district court to order a retrial on one particular issue. Yan has already attempted to challenge the fee award once before, within the context of his clients' earlier merits appeal. *See generally Meide Zhang v. Liang Zhang*, 816 F. App'x 525 (2d Cir. 2020). While affirming all other aspects of the district court's

2

judgment, we dismissed Yan's challenge to the fee award for lack of jurisdiction because the district court had not yet reduced the award to a sum certain. *Id.* at 531. We also held, *id.* at 532, that any future appeal would be referred to this panel pursuant to the procedure outlined in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). Following our remand, the district court issued its opinion and order awarding Defendants fees and costs in the amount of $67,802.94. Plaintiffs appealed.

Though we review the decision to impose sanctions for abuse of discretion, "our review is more exacting than under the ordinary abuse-of-discretion standard." *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 280 (2d Cir. 2021) (citation and quotation marks omitted). Review of the amount of the fees imposed, however, "is highly deferential." *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 265 (2d Cir. 2014) (citation omitted). Here, Yan challenges both the district court's decision to award fees in the first place and the particular fee amount, arguing that (1) the doctrine of unclean hands should have prevented the district court from awarding *any* fees to Defendants, and (2) even if the district court was permitted to award fees, the award it ordered was nonetheless excessive, relative both to

3

Yan's conduct and to his ability to pay. We take each argument in turn.[1]

First, Yan argues that the doctrine of unclean hands precludes Defendants from recovering fees because Defendants arranged a "fraudulent transfer of assets" from the corporate defendant, Sunshine USA, in an effort to frustrate Plaintiffs' ability to collect on their judgment. Sp. App'x at 39 (citation omitted). The district court declined to pass on this argument, holding that Yan waived it by failing to raise it before the magistrate judge to whom the motion was referred for a report and recommendation. We disagree that Yan waived this argument. Although he did not use the phrase "unclean hands" before the magistrate judge, his memorandum of law in opposition to Defendants' motion for attorneys' fees discussed at length Defendants' alleged "sophisticated scheme to defraud the Plaintiffs as creditors in order to frustrate the enforcement of the judgment" and make Sunshine USA judgment-proof. Plaintiffs' Memorandum of Law at 10,

---

[1] When we considered Yan's prior appeal, "[w]e note[d] that the appeal of the sanctions order raised the issue of whether attorneys' fees may be awarded as sanctions for an attorney's misconduct in the absence of a finding of bad faith." *Zhang*, 816 F. App'x at 531. On this appeal, however, Yan has affirmatively abandoned the argument that a finding of bad faith is required before a district court may impose sanctions pursuant to its inherent authority for misconduct not inherent to client representation, so we do not address it. *See* Appellants' October 26, 2021 Br. at 56–57 ("[T]he issue is no longer whether the district court need not find bad faith before imposing a sanction under its inherent power.").

*Zhang v. Zhang*, No. 1:16-cv-04013-LGS-SLC (S.D.N.Y. July 29, 2020) (ECF No. 312). This sufficed to preserve the argument for our review, even though he now labels it somewhat differently – with the moniker "unclean hands."

While Yan adequately preserved his unclean hands argument, we have no trouble determining that it is nonetheless meritless. "Courts apply the maxim requiring clean hands where the party asking for the invocation of an equitable doctrine has committed some unconscionable act that is 'directly related to the subject matter in litigation' and has injured the party attempting to invoke the doctrine." *PenneCom, B.V. v. Merrill Lynch & Co.*, 372 F.3d 488, 493 (2d Cir. 2004) (quoting *Weiss v. Mayflower Doughnut Corp.*, 1 N.Y.2d 310, 316 (1956)); *see also Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945) (explaining that the doctrine "closes the doors of a court of equity to one tainted with inequitableness or bad faith *relative to the matter in which he seeks relief*, however improper may have been the behavior of the defendant") (emphasis added).

In this case, Defendants' alleged unconscionable act of rendering a corporate entity judgment-proof – about which Yan's allegations are conclusory and confusing – has nothing to do with the sanction against Yan. That sanction

5

resulted from Yan's providing the jury with unadmitted evidence. Even if we were to assume the existence of a scheme to make Defendants judgment-proof, such a scheme has no relevance to, and therefore does not constitute "unclean hands" with respect to, Yan's sanctioned conduct. Yan does not argue, for example, that Defendants also provided the jury with unadmitted evidence or were otherwise somehow responsible for his actions. Thus, acknowledging that the district court should have addressed this issue, we conclude in the first instance that Yan's unclean hands objection to the fees award fails as a matter of law. *See, e.g.*, *United States v. Carpenter*, 252 F.3d 230, 236 (2d Cir. 2001) (deciding an issue in the first instance, without "remand[ing] . . . for additional factfinding," where the issue could be decided "as a matter of law"); *see also McGowan v. United States*, 825 F.3d 118, 123 (2d Cir. 2016) (explaining that the presumption against an appellate court's consideration of an argument in the first instance "is prudential, not jurisdictional," and can yield to "the interests of judicial economy") (citation omitted).[2]

---

[2] On May 4, 2022, Yan brought a new appeal in connection with the fees award against him, and he moved on May 9 to consolidate it with the principal appeal we are considering. We granted the motion and consolidated the appeals. In this latest appeal, Yan asserts his familiar "unclean hands" arguments, now contending that the district court should have granted him an extension

Yan's arguments that the amount of the $67,802.94 fees award is disproportionate – relative both to the severity of his breach and to his ability to pay – are also unavailing. With respect to the former, an attorneys' fees sanction pursuant to the court's inherent powers "must be compensatory rather than punitive." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017). There is no doubt that the district court's sanction of Yan was compensatory, not punitive, as it was tied directly to the costs that opposing counsel incurred in response to Yan's "egregious" error of "submitting unadmitted deposition excerpts to the jury." *Zhang*, 816 F. App'x at 529. These costs were limited to the costs of the partial retrial that ensued – no more, no less. Yan curiously contends that the fee award here is disproportionate to the brief and accidental lapse that prompted the retrial, but he cites no authority – and we are aware of none –

_____

to file a Federal Rule of Civil Procedure 60(b)(3) motion that urged reconsideration of the fees award because of Defendants' fraud. Once more, however, the alleged fraud has nothing to do with the conduct at issue in the district court's award of attorneys' fees, which precludes application of the unclean hands doctrine. Moreover, although Appellees brought a motion to dismiss this consolidated appeal on the basis that there is no final order from which Appellants may take a timely appeal, "we may assume hypothetical jurisdiction" and decide the merits of a case when the potential jurisdictional defect is statutory rather than constitutional. *Butcher v. Wendt*, 975 F.3d 236, 242 (2d Cir. 2020). Because the consolidated appeal presents a merits question similar to the one we are already deciding, we assume hypothetical jurisdiction, **DENY** Appellees' motion to dismiss, and affirm the district court on the merits.

suggesting that fees must be tied to the duration of the error, rather than its consequences. Indeed, such a principle would conflict with the nature of these fees awards as "compensatory." As for Yan's argument that the district court erred by not considering the extreme financial burden that imposing these sanctions would cause him, he did not raise this argument in the district court, so he has failed to preserve it for our review. *See, e.g.*, *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005).

We have considered Yan's remaining arguments and find them to be meritless. In sum, Yan offers no reason to conclude that the district court abused its discretion in awarding Defendants attorneys' fees and costs against Yan in the amount of $67,802.94. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court